IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENTAY GWALTNEY | * | |
| v. | * | Civil Case No. GLR-17-1689 |
| COMMISSIONER, SOCIAL SECURITY[1] | * | |

*************

# REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the Social Security Administration ("SSA's") dispositive motion, [ECF No. 26], and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 4]. Plaintiff Kentay Gwaltney, who appears *pro se,* did not file a motion for summary judgment, although he did respond to the SSA's Motion for Summary Judgment. [ECF No. 28]. I have considered the SSA's Motion and Mr. Gwaltney's response. [ECF Nos. 26, 28]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court deny the SSA's motion, that the Court reverse the SSA's decision in part pursuant to sentence four of 42 U.S.C. § 405(g), and that the Court remand the case to the SSA for further proceedings in accordance with this Report and Recommendations.

Mr. Gwaltney filed a claim for Supplemental Security Income ("SSI") on June 17, 2013, originally alleging a disability onset date of June 8, 2008.[2] (Tr. 168-76). His claim was denied

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

initially and on reconsideration. (Tr. 84-118). A hearing, at which Mr. Gwaltney was represented by counsel, was held on December 18, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 29-66). Following the hearing, the ALJ determined that Mr. Gwaltney was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11-28). The Appeals Council denied Mr. Gwaltney's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Gwaltney suffered from the severe impairments of "affective disorder (depression); substance addiction disorder; and psychotic disorder (schizophrenia)." (Tr. 16). Despite these impairments, the ALJ determined that Mr. Gwaltney retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he could be expected to perform only simple, routine, and repetitive tasks and may require time off-task, which would be accommodated by normal work breaks. The claimant could only have occasional contact with coworkers, supervisors, or the general public.

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Gwaltney could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 22-23).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). I have also considered Mr. Gwaltney's opposition, and the arguments raised by his prior attorney at his hearing.

---

[2] Mr. Gwaltney later amended his alleged onset date to his application date, June 17, 2013. (Tr. 189).

The ALJ ruled in Mr. Gwaltney's favor at step one, and determined that he has not engaged in substantial gainful activity since his application date. (Tr. 16); *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Mr. Gwaltney claimed prevented him from working. (Tr. 13); *see* 20 C.F.R. § 416.920(a)(4)(ii). Notably, the ALJ found Mr. Gwaltney's hypertension to be non-severe, because it is controlled by medication and would have no more than minimal impact on Mr. Gwaltney's ability to perform basic work activities. (Tr. 16). However, after finding some of Mr. Gwaltney's mental impairments to be severe, *id.*, the ALJ continued with the sequential evaluation and considered, in assessing Mr. Gwaltney's RFC, the extent to which his impairments limited his ability to work.

At step three, the ALJ determined that Mr. Gwaltney's severe mental health impairments did not meet, or medically equal, the criteria of any listings. (Tr. 17-18). In particular, the ALJ identified Listings 12.03 (schizophrenia), 12.04 (affective disorders), and 12.09 (as of the time of the ALJ's opinion, substance addiction disorders). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.03, 12.04, 12.09. Listings 12.03 and 12.04 require proof of the same set of "paragraph B" criteria, and a claimant would need to show at least two areas of marked difficulty, or repeated episodes of decompensation, to meet a listing. *See id.* §§ 12.03, 12.04. Here, the ALJ concluded that Mr. Gwaltney had only "mild" restriction in activities of daily living, "moderate" difficulties in social functioning and in concentration, persistence, or pace, and no episodes of decompensation of extended duration. (Tr. 17). The ALJ supported those assessments with citations to the evidence of record. *Id.* Accordingly, the ALJ did not err in his conclusion that the Listings were not met.[3]

---

[3] Despite identifying Listing 12.09, the ALJ provided no analysis of the criteria of that Listing. That Listing has since been eliminated, as of January, 2017.

In considering Mr. Gwaltney's RFC, the ALJ summarized his subjective complaints from his hearing testimony and written submissions. (Tr. 18-19). The ALJ also reviewed Mr. Gwaltney's medical evidence from his treatment providers. (Tr. 19-20). The ALJ noted that Mr. Gwaltney's "mental health treatment has not been consistent" and that he "has engaged in a somewhat normal level of daily activity and interaction." (Tr. 20). The ALJ acknowledged that Mr. Gwaltney's treating physician, Dr. Dugan, had completed opinion forms, but assigned them only "partial" or "little" weight, due to inconsistencies and lack of information about Mr. Gwaltney's functional capacities. (Tr. 20-21).

Ultimately, the flaw in the ALJ's opinion lies in the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In that case, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. That functional area "refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other

4

circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, the ALJ cited to evidence supporting the conclusion that Mr. Gwaltney has moderate limitations in concentration, persistence, or pace. (Tr. 17, 19). However, contrary to *Mascio*, the ALJ did not impose any RFC restriction to address the moderate limitations. (Tr. 18) (limiting Mr. Gwaltney only to "simple, routine, and repetitive tasks"). Although the ALJ did also state that Mr. Gwaltney "may require time off-task, which would be accommodated by normal work breaks," he provided no analysis or explanation of how "normal work breaks" would be sufficient to address Mr. Gwaltney's concentration issues. Moreover, the ALJ did not discuss Mr. Gwaltney's work pace at any point in the opinion. Thus, in light of *Mascio*, I recommend remand to allow the ALJ to explain his findings. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Gwaltney was not disabled is correct.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

5

(1) the Court DENY Defendant's Motion for Summary Judgment, [ECF No. 26];

(2) The Court REVERSE IN PART the SSA's decision under sentence four; and

(3) The Court order the Clerk to REMAND the case to the SSA for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: June 18, 2018                                /s/
                                                                    Stephanie A. Gallagher
                                                                    United States Magistrate Judge